UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES N. PARILLO; CATHERINE COX; STEFAN LEPCZYNSKI and THEODORE E. STORLAZZI on behalf of themselves and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, <br><br>Plaintiffs, <br><br>- <br><br>v.- <br><br>FKI, Plc and FKI Industries, Inc., <br><br>Defendants. | No. 3:07cv414 (JBA) <br><br><br><br>October 7, 2009 |

### ORDER PRELIMINARILY APPROVING
### SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, the above-entitled action, *James N. Parillo, Catherine Cox, Stefan Lepczynski, and Theodore E. Storlazzi, individually and on behalf of the Class as defined herein below, and United Steel, Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC v. FKI, Plc and FKI Industries, Inc.*, Civil Action No. 3:07-CV-00414 (JBA) (the "Lawsuit") is currently pending before this Court;

**WHEREAS**, on March 19, 2009, the Court issued a Ruling On Defendant's Motion For Summary Judgment granting in part and denying in part Defendant's Motion for Summary Judgment. (Docket Entry No. 50) (hereinafter, "the Summary Judgment Ruling").

1

**WHEREAS**, Parties intend to have the Court enter Judgment with respect to the claims dismissed in the Summary Judgment Ruling, and the Parties intend to resolve in their entirety all remaining issues including the claim that pre-2004 retirees are entitled to benefits for the ten months of the 2004 CBA, any associated attorneys' fees and costs, and the right to appeal the Summary Judgment Ruling.

**WHEREAS**, the parties have made application, pursuant to Rule 23(e), Fed. R. Civ. P., for an order approving settlement of the claims alleged in the Lawsuit, in accordance with a Stipulation And Agreement Of Settlement filed 8/3/09 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS 7th DAY OF October, 2009, HEREBY ORDERED AS FOLLOWS:**

1. The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiffs and the Class as described in the Agreement (hereinafter the "Class").

2. The Settlement Hearing shall be held before this Court, on 12/21/09 at 10:00 a.m., at the United States District Court, District of Connecticut, U.S. Courthouse, 141 Church Street, Courtroom Two, New Haven, Connecticut 06510, to determine whether the proposed settlement of the remaining claim in the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interest of the Class, and should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

3. The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in this Order constitutes the best notice practicable under the circumstances, and constitutes valid,

due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

4. Plaintiffs' Class Counsel are hereby authorized to supervise and administer the notice procedure as more fully set forth below:

(a) On or before 10/22/09 (the "Notice Date"), Defendant shall cause to be mailed, by first-class mail, a copy of the Settlement Notice, substantially in the form annexed as Exhibit C to the Agreement, to all Class Members who can be identified or located with reasonable effort;

(b) At least ten (10) business days prior to the Settlement Hearing, Defendant shall serve on Plaintiffs' Class Counsel and file with the Court, proof, by affidavit or declaration, of such mailing; and,

(c) The cost of the mailing referred to above shall be borne by Defendant.

5. Class Members entitled to contest approval of the terms and conditions of the proposed settlement, the judgment to be entered thereon if the same is approved, the attorneys' fees and expenses to be awarded to Plaintiffs' Class Counsel must cause written objections and the basis therefor (and copies of any supporting papers and briefs) to be physically received no later than 5:00 p.m. Eastern time, on 11/30/09 (the "Objection Deadline") by Thomas W. Meiklejohn, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105-2922, and Jonathan M. Kozak, Esq., Jackson Lewis LLP, One North Broadway, 15th Floor, White Plains, New York 10601, and must physically file said objections, papers and briefs with the Clerk of the United States District Court for the District of Connecticut no later than the Objection Deadline. Any statement of position or objection shall state the objector's name and address and, to the extent known, the following: dates and places of employment with Defendant, position(s) held, and date of retirement. The statement of position shall also identify any and all witnesses, documents, and other evidence of any kind to be presented at the Settlement Hearing in support of the statement of position or objection, as well as the substance of the testimony to be given by any witness. Additionally, any member of the Class who has served and filed objections as set forth in the first sentence of this paragraph, may appear at the Settlement Hearing and show cause to the Court, if he or she has any reason why the proposed settlement of the claims alleged in the Lawsuit should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested. Any member of the Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Plaintiffs' Class Counsel, unless otherwise ordered by the Court.

6. All additional papers in support of the settlement shall be filed and served on all

named parties by 12/11/09.

       7. Any actions required under the Agreement prior to the Settlement Hearing shall be carried out and paid as set forth in the Agreement.

       8. The Court may adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  Thomas W. Meiklejohn, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105-2922, Telephone (860) 233-9821, and Facsimile (860) 232-7818.  The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

       IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, United States District Judge

Dated at New Haven, Connecticut October 7, 2009.