UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES N. PARILLO; CATHERINE COX; STEFAN LEPCZYNSKI and THEODORE E. STORLAZZI on behalf of themselves and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,, *Plaintiffs*, <br><br> v. <br><br> FKI, Plc and FKI Industries, Inc., *Defendant*. | Civil No. 3:07cv414 (JBA) <br><br><br><br><br><br><br><br><br><br> December 22, 2009 |

ORDER FOR FINAL JUDGMENT OF DISMISSAL
OF CLASS ACTION WITH PREJUDICE

A fairness hearing was held on December 21, 2009 as scheduled in the Court's Order [Doc. # 57] preliminarily approving the parties' settlement set forth in the Stipulation and Agreement of Settlement [Doc. # 56] filed August 3, 2009, and the exhibits annexed thereto, as amended by Stipulation dated December 16, 2009 (the "Agreement"). Based on the briefing, documentation, and the representations of counsel in open court, and absent objections filed, pursuant to Fed. R. Civ. P. 23(e), the following is Ordered:

1.  This Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all Members of the Class.

2.  For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement.

3.  Judgment will enter in favor of defendant on those claims dismissed by the Court's partial grant of Defendant's Motion for Summary Judgment as set forth in the Court's March 19, 2009 Ruling On Defendant's Motion For Summary Judgment granting in part and denying in part Defendant's motion for summary judgment. (Docket Entry No. 50) (hereinafter "the Summary Judgment Ruling").

4.  With respect to that aspect of Plaintiffs' claim in Count One that was not dismissed upon Defendant's Motion for Summary Judgment, this Court hereby approves the settlement as set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions, including the payment of legal fees to Plaintiffs' attorneys in the amount of $40,000.

5.  The Court hereby dismisses with prejudice and without costs Plaintiffs' Complaint and all Claims asserted therein that were not otherwise

dismissed upon the Court's partial grant of Defendant's Motion for Summary Judgment.

6. The Class members with Claims for Incidental Monetary Damages who receive payments under the terms of the Stipulation and Agreement of Settlement are hereby conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Released Parties, any and all Claims, whether in law or in equity, including both known and unknown claims, suspected or unsuspected, accrued or not accrued, arising out of, connected with, or in any way relating, directly or indirectly, to the subject matter of the Complaint not otherwise dismissed by the Summary Judgment Ruling, including, but not limited to, any and all claims that have been or could have been asserted in the Complaint.

7. The notice given to Members of the Class fully and accurately informed the Members of the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Members of the Class, complying fully with Rule 23 of Federal Rules of Civil Procedure and the United States Constitution.  Accordingly, any Members of the Class who did not

receive the Notice, and consequently any settlement payment hereunder, shall be bound by this judgment.

8. Without affecting the finality of this judgment in any way, this Court retains jurisdiction over consummation and performance of the Agreement.

9. The above-captioned action is hereby dismissed in its entirety, with prejudice to Plaintiffs, and with no further award of attorneys' fees or costs by the Court, beyond that provided in the Stipulation of Agreement of Settlement.

IT IS SO ORDERED

\_\_\_\_\_/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of December, 2009.